PERRY COAL COMPANY and Peabody Coal Company et al., Petitioners,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

UNITED MINE WORKERS OF AMERICA et al., Petitioners,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

Nos. 12889, 12915.

United States Court of Appeals Seventh Circuit.

May 25, 1961.

Howard P. Robinson, Chicago, Ill., William F. Guffey, Paul C. Zempel, St. Louis, Mo., M. E. Boiarsky, Charleston, W. Va., Welly K. Hopkins, Washington, D. C., Edmund Burke, Springfield, Ill., for petitioner.

Thomas J. McDermott, Assoc. Gen. Counsel, Louis Schwartz, Atty., N. L. R. B., Washington, D. C., for respondent.

Before DUFFY and SCHNACKEN-BERG, Circuit Judges, and MERCER, District Judge.

DUFFY, Circuit Judge.

The National Labor Relations Board has petitioned for a modification of our opinion in Perry Coal Company v. N. L. R. B., 284 F.2d 910, or in the alternative, for a clarification of the ground upon which this Court relied for holding that Peabody need not bargain with any union until after a Board election.

We decline to modify the opinion or the mandate herein. However, we think it proper to state our reasons for not requiring Peabody to bargain with Progressive Mine Workers.

The Board found that the Company violated section 8(a) (5) of the National Labor Relations Act, 29 U.S.C.A. § 158 (a) (5) by refusing to bargain with Progressive. To remedy this unfair labor practice, the Board ordered the Company to resume bargaining with Progressive. The Board argues that the Supreme Court has made it clear that where a bargaining relationship has been unlawfully disrupted or frustrated, the appropriate remedy is to require the employer to bargain, and give the relationship a fair opportunity to become established. In support of their contention, the Board cites N. L. R. B. v. P. Lorillard Co., 314 U.S. 512, 62 S.Ct. 397, 86 L.Ed. 380, and Franks Bros. Co. v. N. L. R. B., 321 U.S. 702, 64 S.Ct. 817, 88 L.Ed. 1020.

It is clear from the two cases just cited, the Board may adopt such a remedy in an appropriate case. However, the power of the Board to fashion remedies is not limitless. The Board may not apply "a remedy it has worked out on the basis of its experience, without regard to circumstances which may make its application to a particular situation oppressive and therefore not calculated to effectuate a policy of the Act." N. L. R. B. v. Seven-Up Bottling Co., 344 U.S. 344, 349, 73 S.Ct. 287, 290, 97 L.Ed. 377.

We examine the Board's order to resume bargaining with Progressive in the light of the undisputed facts and circumstances of this case. The contract of Progressive terminated by its terms in September, 1957. Progressive has not represented the employees here involved for more than three and a half years. In 1957, the employees at both mines involved in this case clearly indicated their choice of United Mine Workers as their representative. It seems to us to be an entirely futile act to now require Peabody to bargain with a union which has not represented its employees for three and a half years.

We wish to make it clear that we do not hold the United Mine Workers is now the authorized representative of the employees at the two mines. We do hold, however, that under the circumstances of this case, a Board election is the appropriate method to determine the choice of the employees. It seems reasonable that this determination should be made as quickly as possible so that normal labor relations can be restored at the two mines involved. We cannot understand, under the circumstances of this case, why the Board insists on Peabody bargaining with Progressive when there is no evidence in this record to show that organization would be the employees' choice since the time Peabody assumed control or ownership of the O'Fallon and Millstadt mines.

To insist that Peabody now bargain with Progressive would be like jousting with windmills. Any realistic appraisal of the situation in this case indicates that such a course would be entirely futile, and would, in all likelihood, have no result other than to arouse bitterness and antagonisms.

We think the situation here is similar to that which faced the Court in N. L. R. B. v. Marcus Trucking Co., 2 Cir., 286 F.2d 583. There, the Board found the employer had violated section 8(a) (5) of the Act by recognizing a second union during a period when the employer was bound by the "contract bar" rule from recognizing any other union. The Board ordered the employer to cease from recognizing the second union unless and until it was certified by the Board and to recognize and bargain with the original union in the meanwhile. The Court modified the Board's order and conditioned enforcement upon the Board's holding an election within sixty days after the Court's order became final. The Court said cases like Franks Bros. do not prescribe an iron-clad rule and held:

"Although we affirm the Board's holding of an unfair labor practice, this was surely at the periphery and not the center of § 8(a); the interest being vindicated here is not so much the direct interest of the employees in freely choosing their bargaining representatives as the broader interest in industrial peace. We fail to see how that would be promoted by forcing respondent to recognize a union whose claim to contract bar protection expired more than eighteen months ago, which ceased to represent the employees over a year before that, and which may not be their choice today, when an election can so easily tell." (At page 594)

For these reasons we adhere to our holding that Peabody need not bargain with any union until after a Board-conducted election.